NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

LEWIS WILKERSON,                    :
                                    :   CIV. NO. 20-1109 (RMB-KMW)
                Plaintiff           :
                                    :
        v.                          :        **OPINION**
                                    :
WARDEN DAVID KELSEY and             :
KEEFEE COMPANY                      :
                                    :
                Defendants          :

BUMB, DISTRICT JUDGE

    Plaintiff Lewis Wilkerson, a pretrial detainee confined in
Atlantic County Justice Facility, filed this civil rights action
on January 31, 2020. (Compl., ECF No. 1.) Plaintiff submitted an
application to proceed *in forma pauperis* ("IFP") under 28 U.S.C.
§ 1915. (IFP App., ECF No. 1-2.) 28 U.S.C. § 1915(a) provides, in
relevant part,

>       (a)(1) Subject to subsection (b), any court of
>       the United States may authorize the
>       commencement … of any suit … without
>       prepayment of fees … by a person who submits
>       an affidavit that includes a statement of all
>       assets such prisoner possesses that the person
>       is unable to pay such fees …. Such affidavit
>       shall state the nature of the action, defense
>       or appeal and affiant's belief that the person
>       is entitled to redress.
>
>       (2) A prisoner seeking to bring a civil action
>       … without prepayment of fees … in addition to
>       filing the affidavit filed under paragraph
>       (1), shall submit a certified copy of the
>       trust fund account statement (or institutional

> equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff did not submit a certified prisoner trust account statement, as required by statute.

The Court will administratively terminate this action.[1] Plaintiff may reopen this action if he timely submits a properly completed IFP application or pays $400.00 for the filing and administrative fees. Plaintiff should be aware that, even if granted IFP status, he must pay the $350.00 filing fee in installments, if available in his prison trust account, regardless of whether the complaint is dismissed, see U.S.C. § 1915(b)(1). For the reasons discussed below, the Court would dismiss the complaint upon screening.

---

[1] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

2

I.    *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual

---

[2] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II.  DISCUSSION

A.   The Complaint

Plaintiff alleges the following facts in his complaint. Plaintiff has been confined in Atlantic County Jail since April 21, 2019. (Compl. ¶4, Dkt. No. 1.) To obtain copies of caselaw,

4

Plaintiff must put in a request slip, which is either denied by a civilian who is not qualified to be a paralegal or Plaintiff is provided material unrelated to his case. (Compl. ¶4, Dkt. No. 1.) Plaintiff can smell mold and see calcium, lime and rust in the showers, and the water is always hot. (<u>Id.</u>) He is charged $50 a month for "rent." (<u>Id.</u>) The items in the canteen are overpriced and Keefee Company makes 100% profit. (<u>Id.</u>) Plaintiff seeks injunctive relief and money damages. (<u>Id.</u>, ¶5.)

    B.   <u>Section 1983 Claim</u>

42 U.S.C. § 1983 provides, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law….

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

    1.   <u>Access to the Courts Claim</u>

Prisoners have a First Amendment right of access to the courts, which is not a freestanding right to a law library or legal

assistance. <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996). To succeed on such a claim, a plaintiff must allege that he has a nonfrivolous legal claim that was frustrated or impeded. <u>Id.</u> at 353. Here, Plaintiff has not alleged that he had a nonfrivolous legal claim that was impeded by the manner in which the Atlantic County Justice Facility provided him with legal materials. If Plaintiff were granted IFP status, the Court would dismiss this claim without prejudice upon conclusive screening of the complaint.

2.   <u>Conditions of Confinement Claim</u>

[A] pre-trial detainee may be subject to 'the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution.'" <u>Carson v. Mulvihill</u>, 488 F. App'x 554, 559 (3d Cir. 2012) (quoting <u>Bell v. Wolfish</u>, 441 U.S. 520, 536–37 (1979)). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" <u>Kingsley v. Hendrickson</u>, 576 U.S. 389, 398 (2015) (quoting <u>Bell</u>, 441 U.S. at 561.)

6

The Third Circuit has held that a $50 per month room and board fee is not punishment under the Due Process Clause. See Carson v. Mulvihill, 488 F. App'x 554, 563 (3d Cir. 2012) ("The fees are nonpunitive and related to the legitimate purpose of partially reimbursing the government for housing expenditures.")

While Plaintiff complains of mold, lime, rust and hot water in the showers, he has not alleged that these conditions were intended as punishment. Therefore, to state a Fourteenth Amendment Due Process violation, he must allege facts suggesting that the conditions are excessive in light of the legitimate governmental purpose of providing shower facilities for inmates, a task which inherently poses a risk of exposure to mold, lime or rust. Plaintiff has not alleged the conditions caused him any sort of injury or pose a risk to his future health. Therefore, the Court does not find the conditions alleged are excessive. See Patterson v. Quigley, Civ. Action No. 16-1604, 2018 WL 1566793, at *5 (E.D. Pa. Mar. 30, 2018) ("Numerous courts have also recognized mold in a prison does not automatically violate an inmate's constitutional rights."))

Plaintiff complains of the high prices in the canteen but he does not allege facts which suggest the prices are imposed for the purpose of punishment. Offering products for sale to pretrial detainees is a legitimate governmental objective because access to

the canteen can be used as a reward for good behavior. Plaintiff has not alleged the specific prices of products he purchased or how the prices are excessive to the purpose of the ability to offer those products for sale in the correctional setting. Therefore, upon conclusive screening of the complaint, the Court would dismiss Plaintiff's Fourteenth Amendment Due Process Claims without prejudice for failure to state a claim.

III. CONCLUSION

For the reasons stated above, the Court will administratively terminate this action. An appropriate Order follows.

DATE:  July 24, 2020

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

8